21050

Steve McABEE, Respondent, v. STATE of South Carolina, Appellant.

(258 S. E. (2d) 100)

*Atty. Gen. Daniel R. McLeod, Deputy Atty. Gen. Emmet H. Clair, Asst. Atty. Gen. C. Havird Jones, Jr.,* and *Staff Atty. Corrine G. Russell,* Columbia, *for appellant.*

*Robert M. Holland,* Spartanburg, *for respondent.*

September 6, 1979.

LEWIS, Chief Justice:

Respondent plead guilty to indictments charging him with one count of storebreaking and grand larceny, and three counts of housebreaking and grand larceny. He was sentenced to imprisonment for a period of fifteen (15) years each on two of the indictments, the sentences to run consecutively, and like sentences on the other two indictments to run concurrently with the first sentences, for a total of thirty (30) years imprisonment. The matter is here on appeal by the State from an order of the lower court granting respondent's

application for post conviction relief. The order of the lower court granted a new trial to respondent upon the grounds that (1) he had ineffective assistance of counsel and (2) his guilty pleas were entered as a result of unfulfilled plea bargaining promises made by the solicitor's office.

The first question to be determined is whether there was any evidence to support the lower court's finding that respondent's guilty plea was involuntary. Respondent contended that his plea was induced by a promise from the solicitor's office that he would receive a three (3) year sentence with probation.

The record shows that respondent, represented by competent counsel, entered a guilty plea, after stating to the court that it was freely, voluntarily and understandingly made. Every criteria set forth in *Boykin v. Alabama*, 395 U. S. 238, 89 S. Ct. 1709, 23 L. Ed. (2d) 274, was met in accepting respondent's guilty plea to the charges against him. The officers involved and respondent's retained counsel testified that there was no agreement or promise made as to the sentence to be imposed, and that it was understood the sentence was left to the discretion of the trial judge. The only indication to the contrary is the testimony of respondent and his stepfather that they understood respondent was to receive a three year sentence with probation.

There is no satisfactory explanation in this record of why respondent, with retained counsel present, would, under careful questioning by the trial judge, unequivocally assert the absence of any promise affecting his plea, and now in this post conviction proceeding state that his plea was induced by his understanding that he was to receive a three (3) year sentence with probation. In the absence of some reasonable explanation for the change in his testimony, his present claim of an agreement as to sentence is of no probative value and will not be allowed to upset the determination at trial that his plea was voluntarily entered.

There was, therefore, no evidence to support the finding of the lower court that respondent's plea was induced by an agreement as to the sentence.

Neither is the finding of ineffective assistance of counsel supported by any evidence in the record, and it is not seriously contended otherwise.

A careful review of this record shows that the findings of the lower court were based, not on the fact of an agreement as to sentence, but rather upon the judge's conclusion that the sentence imposed was excessive and should be set aside—a consideration irrelevant to the issues for decision.

The judgment of the lower court is accordingly reversed and the sentence reinstated.

LITTLEJOHN, NESS, RHODES and GREGORY, JJ., concur.